JAMES ORR *vs.* OSCAR A. TANNER.

The relation of attorney and client defined.

Champerty condemned.

A mandate of the court ordered, directing one of its attorneys to pay to his client certain moneys which he received from the attorney of the opposite party and claimed the right

to retain as fees. The money was received on discontinuing an action begun by attachment, the defendant in which became bankrupt more than four months after the attachment was made, and no information of the receipt of the money was given to the plaintiff by his counsel, the attorney in question.

MOTION for an order of the court.

*March* 9, 1878. POTTER, J. The complainant asks this court for an order on one of its attorneys requiring him to pay over certain money which he received in a suit brought for the complainant, and also for the money which the complainant paid said attorney for expenses, and for what the complainant has lost by the discontinuance of his case by the said attorney.

Some of the facts alleged by the complainant are denied by the respondent, but we think the undisputed facts in the case are sufficient to justify and require us to make an order against the respondent.

The complainant alleges that he placed in the respondent's hands for collection a claim for $593.18 against one Thomas Pray, on an agreement that if anything was recovered the attorney was to take for his compensation one half the amount obtained after deducting expenses. The complainant paid down to the respondent certain sums for expenses. A suit was brought, and the defendant's funds in a certain bank attached to the amount of $765.59. The defendant afterwards became bankrupt, but not until more than four months had elapsed after the attachment. The respondent afterwards discontinued the suit on receiving from Mr. Lapham, the attorney for the bankrupt defendant, the sum of $100. And of the receipt of this sum he gave the complainant no information.

The respondent's defence is that as it was doubtful whether he could recover, he had a right to compromise or discontinue the suit, and he agreed to do so on the defendant's attorney agreeing to pay him $100, which he says was for his attorney's fees and not as a part of the claim sued for.

The relation of attorney and client is a relation implying the utmost confidence and trust on the part of the client reposed in the attorney, and a corresponding obligation on the part of the attorney towards the client, which he should endeavor to perform faithfully, not merely from a sense of duty to his client, but from a sense of honor, as a member of an honorable profession whose

character and estimation depend upon the individual character and reputation of its members. This relation implies that he is to look to his client alone for his compensation. To receive any compensation from the opposite party or his attorney, without the consent of his own client, is a breach of the trust reposed in him by his employer.

We regret that we are obliged to say this. But if, as the respondent contends, he did as he did because other attorneys of this court have indulged in such practices, while that fact may lessen the blame in this particular case, it becomes all the more necessary that the court should express its opinion that the practice is deserving of the severest censure, and utterly inconsistent with that character of honesty and honor which should belong to all the members of the profession.

And we feel bound to notice another fact which appears in the proceedings. According to the allegation of the complainant, and which is not plainly denied, the original agreement for compensation was champertous, and constitutes an indictable offence; and the practice, if it has become a practice, of making such agreements should be discouraged and condemned; and if in the course of legal proceedings in any case any such agreement should come to the notice of the court, we shall feel obliged to refer it to the attorney general for his official action.

The charge of $100 was out of all proportion to the services rendered; but as he had no right whatever to take pay for his services from the opposite party, we must treat it as received for the use of the client, the complainant.

As there is no dispute about the receipt of this sum of $100, we shall make an order for the payment of it to the complainant and without any deduction. We think that is as far as we can go on the present application.        *Order accordingly.*

*James Tillinghast*, for the petitioner.

*Oscar A. Tanner, pro se ipso.*

NOTE. — For the R. I. doctrine of champerty, see *Martin* v. *Clarke*, 8 R. I. 389, 402. For a commentary on the above case, see Amer. Law Register, N. S. vol. 17, p. 759, December, 1878.